(\*) BROWN *versus* INHABITANTS OF ORLAND.

In each town, it is the duty of the overseers of the poor to provide for the immediate comfort and relief of all persons residing or found therein and falling into distress and needing immediate relief there, though having a lawful settlement in another place.

If such overseers, after notice that in such a case immediate relief is needed, neglect to furnish the same, any person, (not liable by law to do it,) may furnish such relief and recover for the same in an action against the town.

Such action will not be defeated by proof of knowledge by the plaintiff, that the town or any individual, bound to support the pauper, had made, at another place, suitable provision for that purpose, if the pauper, while supported by the plaintiff, was too sick to bear a removal.

An indebtment by the plaintiff to the pauper, will not preclude a recovery in such action against the town.

It is the province of the Court to give a construction to language employed in a written instrument.

To ascertain the meaning of words used orally between the parties, is within the province of the jury.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding. ASSUMPSIT.

The action is brought to recover for supplies furnished to one Shubael Brown, whose legal settlement was in Bucksport, but who had fallen into distress and needed immediate relief in Orland.

The material facts are all stated in the opinion of the Court.

The defendants offered in evidence a copy, duly certified by the town clerk of Bucksport, of a bill of sale of a yoke of oxen from Shubael Brown to the plaintiff, and proved that

Brown *v.* Orland.

the plaintiff said he had left the original with the town clerk to be recorded, and that he had been seasonably notified to produce the original.

The copy was rejected.

The defendants introduced proof that a Mr. Leach had obligated himself to support Shubael Brown, during his life-time.

The defendants' counsel requested the Court to instruct the jury that, if Leach was under obligation to support Brown, and was willing, and had the ability to take and support him, and that it was a suitable place for him, and was so considered by the overseers of Bucksport, then the plaintiff, if he had knowledge of these facts, ought not to recover in this action. This instruction the Court declined giving, but instructed the jury *that* it was the duty of the overseers of Orland to provide for the immediate comfort and relief of all persons residing or found therein, not belonging thereto, but having a lawful settlement in other towns, when they shall fall into distress and stand in need of relief, until they shall be removed to their place of settlement; *that* the defendants would be liable for all expenses necessarily incurred for the relief of a pauper by an inhabitant, who is not liable by law for his support, upon notice and request to the overseers and until provision should be made; *that* it was for them to determine whether Shubael Brown was in distress and in need of immediate relief, and whether the plaintiff, being an inhabitant of Orland, not liable for his support, gave due notice, and requested the overseers of the defendant town to make necessary provision for his support, or to remove him; *that* the application shows the extent of and limits the plaintiff's claim, and is all that the defendants should regard; *that* if Shubael Brown was in distress and in need of immediate relief, and so being in distress and in need of relief, the plaintiff notified the defendants, the defendants would be liable for his support while, and so long as, he was thus in distress and in need of relief; *that* if thus in distress and in need of relief, the defendants would be liable till provision should be made for

him; *that* if Leach was under legal obligation to support Shubael Brown, and was a fit and suitable person, and had made fitting and reasonable provision under all the circumstances, and had notified the plaintiff thereof, then, after such readiness to receive Brown and notice thereof to the plaintiff, *said Brown being in a fit condition to be removed,* the plaintiff would not be entitled *to* recover for the supplies furnished. To the foregoing ruling and instructions, and to the refusal of the Court to give the instructions asked for, and to the admission of the testimony objected to, and the rejection of that offered by the defendants, they excepted.

*Woodman,* for the defendants.

*Waterhouse,* for the plaintiff.

TENNEY, J. — This action was brought under R. S., c. 32, § 48, to recover for supplies furnished by the plaintiff, an inhabitant of Orland, to Shubael Brown, a pauper, having his lawful settlement in the town of Bucksport, but at the time, when the supplies were furnished, he was residing at the house of the plaintiff in the town of Orland.

Evidence was introduced by the plaintiff tending to prove, that the pauper had been at the plaintiff's house, sometime before any claim was made for compensation, for what the plaintiff had done in his support. But upon the pauper being taken sick, the plaintiff gave notice to the overseers of the poor of Orland, of the same, and of his distress and applied to them to furnish relief. At the time that this application was made, there was proof that the plaintiff said he was willing to take care of the pauper, while well, but when sick, he wanted help, and that the supplies were furnished from Sept. 1850, till the following May, and that the pauper's sickness continued about four weeks. Evidence was introduced by the defendants tending to prove, that the pauper had conveyed a farm and other property to one Leach, and had taken from him a bond for his maintenance, that Leach was a suitable man for the charge, and had provided a suitable place; and the overseers of the poor of Bucksport so considered it;

Brown v. Orland.

and before the pauper fell into distress, and supplies were furnished by the plaintiff, that Leach and the overseers of the poor of the town of Bucksport, notified the plaintiff of these facts; but the pauper being dissatisfied left the house of Leach and came to the house of the plaintiff, who is his brother. It further appeared, in Sept. 1850, Leach came to the plaintiff's house and offered to remove the pauper, (at which time he was sick and unable to be removed,) and notified the plaintiff, that he was ready to remove him. To show that Leach was not a suitable man to take charge of the pauper, evidence was offered by the plaintiff, though objected to, that about two years before the trial, the pauper left the plaintiff's house, saying, he was going to Leach's to put a lock on his door; he returned with a cut or wound on his head and face, somewhat bloody. The defendants offered a copy of a bill of sale, from the pauper to the plaintiff, of a yoke of oxen, valued at $75, dated Aug. 29, 1850, duly certified by the town clerk of Bucksport, and as duly recorded, with the records of that town, and proved, that the plaintiff had been seasonably notified to produce the original, which he failed to do, and that the plaintiff said he left the bill of sale with the town clerk of Bucksport to be recorded.

After the defendants attempted to prove, that Leach was a suitable person to take charge of the pauper, it was competent for the plaintiff to prove that it was otherwise. For such a purpose, proof of personal abuse from Leach to the pauper was pertinent. It was however necessary to prove the injury to the pauper, and that Leach was its cause. One without the other could not properly influence the minds of the jury. In order of time, proof of one might be introduced before that of the other. It was not for the Court to direct the manner in which the evidence should be marshalled. Where proof of injury was offered, it could not be known to the Court that it would not be shown, that it was caused by Leach; and the testimony was not improper at that time, but without other proof it was immaterial.

The exclusion of the copy of the bill of sale was correct.

The original, at most, would have shown the indebtedness of the plaintiff to the pauper ; but under the provision of the statute invoked in support of this action, such indebtedness does not preclude him from maintaining this action ; and he could not compel the pauper to set off one claim against the other, if the supplies had been furnished on his credit.

The defendants' counsel requested the Judge to instruct the jury, that if the application to the overseers was for aid while the pauper should continue sick, that the town would not be, liable for any expense incurred after his recovery, without a new notice and application. The instruction was not given in the terms requested, but the Judge submitted to the jury the language and meaning of the request, and instructed them, if the application was for aid, while the pauper should continue sick, and it was so understood by the parties, that the defendants would not be further liable without a new application after his recovery. It is not the business of the Court to put a legal construction upon language, which appears to have been used verbally between parties, as in the case of a written instrument. But the jury are to find the intention of one and the other from what was said and done at the time by them, under all the circumstances of the case. *Copeland* v. *Hall,* 29 Maine, 93.

It is insisted, that the instruction given, left it to the jury to determine the understanding of the plaintiff and of the overseer, notified by him of the pauper's sickness, touching the application for relief, *whether it was to be limited to the continuance of the sickness or not;* and that this was erroneous, as the defendants' liability is not to be tested by such understanding. It is quite immaterial, what language was employed by the plaintiff in giving the notice and making the application. If he used terms, for that purpose, which were understood, as they were designed, it is sufficient. The import of the instruction in this particular is, that if the plaintiff intended to apply for relief only during the continuance of the sickness, and such was received by the overseer as the intention, the defendants were not liable for supplies furnish-

ed after the recovery. The idea was clearly expressed, was correct as a legal proposition, and it is believed would not have been misunderstood by an intelligent jury.

The Judge was also requested to instruct the jury, that if Leach was under obligation to support the pauper, was willing, and had the ability to do it, that it was a suitable place for him, and so considered by the overseers of Bucksport, and if the plaintiff had knowledge and notice of these facts, he ought not to recover.

Instead of this instruction, the jury were instructed, with other things not objected to, that if Leach was under legal obligation to support the pauper and was a fit and suitable person, and had made fitting and reasonable provision, under all the circumstances, and had notified the plaintiff thereof, then, after such readiness to receive the pauper, and notice thereof to the plaintiff, the pauper being in a fit condition to be removed, the plaintiff would not be entitled to recover for supplies furnished. It is not denied that the instructions requested, were substantially the same as those given. But it is contended, that the Judge erred, in not instructing the jury, that if a suitable place had been provided for the pauper as stated in the instruction requested, there being proof thereof, that the plaintiff having full knowledge and notice of the same, in receiving him into his own house, took upon himself the liability for his support, and had no right to call upon the town. The exceptions present no such question. The defendants' counsel made no request for the statement of such a legal proposition, and they cannot complain, that it was not given. *Exceptions overruled.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.