### Caspar V. Beebe v. Alexander Koshnic.

*Physicians—Action for compensation—Evidence—Construction of oral agreement.*

1. A doctor who took a case on the "no cure, no pay" basis, sued for his fee. The patient showed that more than a year after he was treated he was still suffering. *Held* proper to permit the plaintiff, on rebuttal, to ask a medical witness if he knew whether the patient, when discharged, was suffering from the trouble testified to by his witness. But also that it was not clearly error to refuse to permit the question at that stage of the case. The evidence called out by it belonged to the examination-in-chief, as the plaintiff was bound to show that he left defendant cured.

2. A plaintiff who fails to put in evidence enough to establish his case before resting, can only put in farther evidence-in-chief by favor of the court.

3. In an action by a physician for his pay in a case in which it was to be contingent on a cure, it was perhaps admissible to allow the jury to consider the patient's condition at the time of the trial, a year after he was discharged, provided there was evidence fairly tending to show that his then infirm condition related back to the disease for which he was treated.

4. It is for a jury to say what oral contract has been made; but if both parties ask the court to instruct the jury as to what the contract means, the court's construction can hardly be held erroneous if admissible under the evidence.

Error to Manistee. (Ramsdell, J.) Jan. 7.—Jan. 14.

Assumpsit. Plaintiff brings error. Affirmed.

*A. V. McAlvay* for appellant.

*A. J. Dovel* for appellee.

Cooley, C. J. The plaintiff is a physician, and brings suit to recover compensation for services in curing the defendant of a disease of one of the defendant's legs. It was a part of the plaintiff's case that he performed the services under a special agreement that he was only to be paid in the event of a cure. He therefore took the burden of showing that a

cure had been effected. His own evidence was very positive to that effect, and Dr. Seymour, as an expert, who saw the leg when the case was discharged as cured, gave evidence which was very strong to the same effect. The plaintiff also showed that the defendant, after the time the leg was considered by the plaintiff as cured, had voluntarily made a payment towards the services.

The defendant gave evidence to show that more than a year after the leg had been supposed to be cured, it was still sore and lame, and required treatment; and the question of fact principally contested on the trial was, whether this soreness was the original disease, or had been produced by some new cause. When the plaintiff took the case in rebuttal he called Dr. Seymour and proposed to ask him the following question: " At the time this defendant was discharged by Dr. Beebe as cured, state if you know whether he was suffering from inflammation of the knee-joint which has been testified to by the medical witnesses for the defense." This question was objected to as not calling for rebutting evidence and the objection was sustained.

We think the court might very well have permitted this question to be asked; but we cannot say there was error in refusing it. It was a part of the plaintiff's case that he left the leg cured; and he should have put in, before resting, all the evidence tending to show the fact. He could put in none afterwards except by favor of the court. And the evidence which this question called for would clearly have been admissible as a part of the plaintiff's case before he rested. Other questions proposed to be put to the same witness come within the same ruling.

It is complained that the court charged the jury that they might consider the condition of the defendant's leg at the time of the trial as bearing upon the question of cure. The time which had elapsed was so considerable that it might be questionable if the charge could be sustained had there not been some evidence which fairly tended to refer the existing inflamed condition of the leg to the original disease; and the jury in considering such evidence must necessarily do so in

connection with existing appearances and the explanation which was given of them.

Both parties requested the court to instruct the jury what was meant by the plaintiff in undertaking to cure the leg; and the judge instructed them that there was to be an absolute, permanent cure, and an eradicating of the original trouble, and the leg restored to its normal original condition, under the contract. This, it is said, was too strong a statement of the contract, as it would require a removal of any tendency that might exist towards the recurrence of any and all diseases from which the leg had suffered and been cured.

The question what oral contract parties have made is not for the court, but for a jury: *McKenzie v. Sykes* 47 Mich. 294; if the parties see fit to refer it to the court, the construction the court places upon the language and negotiations of the parties cannot well be held erroneous if it is an admissible construction under the evidence. And we cannot say that such was not the case here. If the jury had put the same construction upon the agreement the parties entered into, as testified by witnesses, we do not think their verdict could be held entirely unwarranted by the evidence.

The judgment must be affirmed.

The other Justices concurred.