JEFFERSON PATTEN, Jr., et al., Respondents, *v.* RICHARD PANCOAST et al., Appellants.

While it is the province of the court to construe written agreements, in the case of an oral contract, where the evidence in respect of its terms and of the intent of the parties is conflicting, it is for the jury to decide what the agreement was.

(Argued March 8, 1888; decided March 20, 1888.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 4, 1886, which affirmed a judgment entered upon a verdict in favor of plaintiffs, and an order denying a motion for a new trial.

This action was brought to recover damages for a breach of an alleged contract on the part of defendant to deliver a quantity of iron pipe. The defense, among other things, was that defendants in making the contract acted simply as agents of the Reading Iron Works.

The following is the opinion:

" It was error for the court to withhold from the jury upon the trial the question of whether the defendants, in their transactions with the plaintiffs, acted as agents for others, or on their own behalf as principals. The contract which the parties made for the purchase and delivery of the pipe was oral, and in such a case it is the province of the jury, where the evidence in respect of the terms of the contract and of the intent of the parties is conflicting, to decide what was their agreement. It is the province of the court to construe written contracts, but oral agreements and negotiations which are disputed by the parties are to be considered and determined by the jury. Applying these safe and well-settled rules of law to the present case, we find the defense set up in defendants' answer, that they acted as agents for the Reading Iron Works and not otherwise, not to be without some support in the evidence taken on the trial. The plaintiffs' evidence would, if taken by itself, perhaps prove that in the negotiations for the sale of the pipe defendants did not disclose any agency, nor intimate where the iron was to come from, or that others were concerned in the transaction. These negotiations were conducted by one of the partners in each firm. But the fact appeared in plaintiffs' case that the name of the Reading Iron Company appeared over the defendants' office door and their agency for that company was printed upon their bill heads. While of themselves these facts might not be of sufficient weight to be submitted to the jury's consideration as proof of the alleged agency, yet, when taken in connection with the testimony of Mr. Tarr, one of defendants' firm, that he told Mr. Patten, one of the plaintiffs for whom the contract was to be made, and that he told Mr. Patten he would submit his (Patten's) specification for a certain quantity of pipe to the Reading Company, and would subsequently give him a price

for it, and that he subsequently disclosed to Mr. Patten that he had seen Mr. Coit of the Reading Company about the matter, a cluster of facts is presented from which the jury might or might not infer that the negotiations were had on the basis of defendants acting therein as agents for the Reading Company.

" However slight the proof is on this point, we are unable to say that if a verdict were rendered for the defendants it would be the duty of the court to set it aside as against the weight of evidence, or that the appellate court could reverse the judgment thereon. When the statement of the plaintiffs in reference to the subject is contradicted by and is irreconcilable with the statement of defendants, the ultimate decision should be with the jury. It is for the judge to decide whether there is any evidence, but it is for the jury to decide as to its sufficiency. It is for them to draw the inferences from the proofs, and not for the court. Whether the defendants contracted as agents, and, therefore, are not personally responsible, and whether the plaintiffs knew of their agency in the matter, was made a question in this case, and much of the evidence bore upon it. On the one hand, if their agency in the matter was not disclosed or known, they treated as principals with the plaintiffs and must be held liable as such, while, on the other hand, if they merely treated with them as the agents of another, and the plaintiffs so understood the fact to be, they would not be liable for the default of their principal. Inasmuch as the actors in the transaction gave contradictory evidence in giving their version of what took place, it was proper that it should be left to the jury to draw the inferences for a decision from the circumstances and the credibility of the witnesses. (*Cobb* v. *Knapp*, 71 N. Y. 348.)

" Sufficient has been said to indicate the grounds upon which we hold the ruling of the trial judge to have been error, and that the judgment should be reversed and a new trial ordered, with costs to abide the event."

*Roger A. Pryor* for appellants.

*Cephas Brainerd* for respondents.

GRAY, J., reads for reversal and new trial.
All concur.
Judgment reversed.