ANNADALL v. UNION CEMENT & LIME COMPANY.

[No. 20,622.   Filed June 7, 1905.]

1. MASTER AND SERVANT.—*Scope of Employment.—Work Outside of.—Assumption of Risk.*—The servant does not ordinarily assume the risk of dangers, arising from work outside of the scope of his employment, when ordered to do such work by the master.   p. 110.

2. CONTRACTS.—*Master and Servant.—Scope of Employment.—Question for Jury.*—Where the evidence is in conflict as to the terms of a contract of employment, the question being whether the servant was working within the scope of his employment, such question should be submitted to the jury under proper instructions.   p. 111.

3. TRIAL.—*Master and Servant.—Scope of Employment.—Assumption of Risk.—Contributory Negligence.—Question for Jury.*—Where the master orders the servant outside of the scope of his employment and such servant receives injuries in such work and the evidence as to the assumption of risk and the contributory negligence of plaintiff is such as to leave room for different inferences, such cause should be submitted to the jury.   p. 111.

From Clark Circuit Court; *Perry E. Bear,* Special Judge.

Action by John W. Annadall against the Union Cement & Lime Company. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*G. H. Voigt,* for appellant.
*M. Z. Stannard,* for appellee.

MONKS, C. J.—This action was brought by appellant to recover for personal injuries suffered by him while in the service of appellee.

The theory of the complaint is that appellant, while in the employ of appellee, was directed by the latter to leave temporarily the work he was employed to perform, and to assist in other work not within the scope of his employment, and that while so engaged he re-

ceived the injuries complained of and that the same were caused by the negligence of appellee. Appellant's complaint was based upon the doctrine declared in *Brazil Block Coal Co.* v. *Hoodlet* (1891), 129 Ind. 327; *Nall* v. *Louisville, etc., R. Co.* (1891), 129 Ind. 260; *Louisville, etc., R. Co.* v. *Hanning* (1892), 131 Ind. 528, 31 Am. St. 443; *Cincinnati, etc., R. Co.* v. *Madden* (1893), 134 Ind. 462, 471-474, and cases cited; *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151.

The issues were presented by the complaint and a general denial. The jury, by direction of the court, returned a general verdict in favor of appellee; and, over a motion for a new trial, judgment was rendered against appellant.

There was a conflict in the evidence as to the terms of the contract of hiring, which was oral. This conflict involved the question whether, under said contract, the work

2. at which appellant was engaged when injured was within the scope of his employment. When the evidence as to the terms of an oral contract is conflicting, or the meaning doubtful, it is for the jury, under proper instructions, to ascertain the intention of the parties, and determine what the contract was. 9 Cyc. Law and Proc., 592, 786; 1 Beach, Contracts, §745; *Patten* v. *Pancoast* (1888), 109 N. Y. 625, 15 N. E. 893; *Gassett* v. *Glazier* (1896), 165 Mass. 473, 43 N. E. 193; *Muckle* v. *Moore* (1890), 134 Pa. St. 608, 19 Atl. 801; *Brown* v. *Inhabitants of Orland* (1853), 36 Me. 376; *Columbian Iron Works* v. *Douglas* (1896), 84 Md. 44, 34 Atl. 1118, 57 Am. St. 362, 33 L. R. A. 103; *Beebe* v. *Koshnic* (1885), 55 Mich. 604, 22 N. W. 59.

Appellee insists, however: (1) That even if the work at which appellant was engaged when he received the injuries complained of was not within the scope of

3. his employment, that the risk was assumed in this case because the same was both known and appreciated by him, citing the following from *Pittsburgh, etc.,*

*R. Co.* v. *Adams, supra:* "Here again it should be observed, that the master will not be thus liable, if the circumstances are such as to show that the servant is competent to apprehend the danger, and expressly or impliedly assumes the risk." And (2) that his own negligence was the proximate cause of his injury, for which reason the court properly directed a verdict for appellee.

After a careful consideration of the evidence, we think there was room for different inferences therefrom on the part of reasonable minds as to the questions of assumption of risk and contributory negligence, for which reason the same should have been submitted to the jury under proper instructions. *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368, and cases cited; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413; *Haughton* v. *Aetna Life Ins. Co.* (1905), *ante,* 32; *Stroble* v. *City of New Albany* (1896), 144 Ind. 695; *Rush* v. *Coal Bluff Mining Co.* (1892), 131 Ind. 135, 137, 138; *Diezi* v. *Hammond Co.* (1901), 156 Ind. 583, 587; *Cincinnati, etc., R. Co.* v. *Darling* (1892), 130 Ind. 376; *Neubacher* v. *Indianapolis Union R. Co.* (1893), 134 Ind. 25; *Oleson* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 408, 32 L. R. A. 149; *Rogers* v. *Leyden* (1891), 127 Ind. 50, 57.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.