## BUMP ET AL. v. McGRANNAHAN.

[No. 8,972.   Filed February 23, 1916.] .

1. PLEADING. — *Complaint.* — *Counterclaim.* — *Sufficiency.* — *Action Commenced Before Justice of the Peace.*—In an action commenced before a justice of the peace, a complaint setting forth that plaintiffs were architects who had rendered services for defendant at his special instance and request in supervising the construction of a building, which were of a specified value, and that the amount claimed was due and unpaid, and a paragraph of counterclaim by defendant alleging that the services were pursuant to an oral contract by which plaintiffs were to compel the contractors to construct the building according to plans and specifications, that defendant was at all times ready to perform, but plaintiffs failed to turn the building over to defendant fully completed and at the price stated in the specifications and caused contractors to be paid in full, all in violation of their agreement, that it would require the expenditure of $400 to complete the building according to plans and specifications, and that the contractors were paid by defendant at the direction of plaintiffs without knowledge on his part that the building had not been completed, whereby defendant was damaged in the sum of $300, were each sufficient to withstand a demurrer for want of facts.   pp. 138, 140.

2. PLEADING. — *Complaint.* —*Counterclaim.*— *Sufficiency.* — *Action Commenced Before Justice of the Peace.*—In an action originating before a justice of the peace a complaint, or counterclaim, will be sufficient if it informs the adverse party of the nature of the cause of action he is called upon to meet and is sufficiently explicit to bar another action for the same cause if judgment is rendered thereon. p. 140.

3. CONTRACTS.—*Oral Contracts.*—*Construction.*—*Province of Court and Jury.*—*Instructions.*—It is the duty of the court to construe and state the legal effect of an oral contract, the same as in the case of written contracts; but where the terms of an oral contract are in dispute and its meaning doubtful, the court should submit the questions of fact to the jury to be determined from the evidence and state the law applicable thereto in hypothetical instructions; hence an instruction advising the jury that it was for the jury to construe the oral contract sued on was erroneous.   p. 140.

4. APPEAL.—*Review.*—*Issues.*—*Instructions.*—In an action on an oral contract, where defendant filed a counterclaim for damages, an instruction that in case the jury found anything due on the counterclaim "it must be deducted from the $106 which is due the plaintiffs", aside from the fact that it was more or less vague and indefinite, was erroneous for the reason that under the issues the jury could find for plaintiffs on the complaint, and on the

counterclaim for defendant in an amount greater than the plaintiff's claim, in which event the latter amount should have been deducted from the amount found due on the counterclaim. p. 142.

5. APPEAL.—*Review.*—*Refusal to Direct Verdict.*—In an action on an oral contract, in which defendant filed a counterclaim for damages, where the evidence, though not clear or satisfactory, was such that the court could not say as a matter of law that there was no evidence from which an inference of liability on the counterclaim could have been reasonably drawn by the jury, there was no error in refusing an instruction to return a verdict for plaintiffs. p. 143.

6. CONTRACTS.—*Action.*—*Issues.*—*Liability.*—In an action by architects to recover for services rendered, where defendant filed a counterclaim alleging that the services were pursuant to an oral contract to superintend the construction of a building, and averring a breach thereof in that plaintiffs did not cause the building to be fully completed and that they had caused defendant to pay the contractors in full, all to his damage in a certain sum, the failure to complete the building was only involved to the extent that such fact showed or tended to show that defendant was damaged by plaintiffs' alleged violation of their contract, and the measure of plaintiffs' liability was the amount of money which they wrongfully caused defendant to pay in ignorance of the fact that it was not due, not exceeding in any event the amount required to complete the building at the contract price. p. 144.

7. TRIAL.—*Evidence.*—*Witnesses.*—*Failure to Produce.*—*Presumptions.*—*Instructions.*—Where a party has the power and opportunity of producing evidence or a witness, presumably friendly to him, whose testimony would or could explain a transaction or further enlighten the court or jury, failure to produce such evidence or witness gives rise to the presumption, though rebuttable, that such evidence or the testimony of such witness would be unfavorable to the party or his contention; and, while it is proper to instruct the jury to such effect, such instructions should be carefully worded to guard the interests of the party and should only be given when it reasonably appears that he has it within his power to produce the witness or evidence and fails to do so or to make reasonable effort to that end. p. 145.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by Edwin Bump and others against Jonas A. McGrannahan. From a judgment for defendant, the plaintiffs appeal. *Reversed.*

*Wm. J. Whinery,* for appellants.

*James W. Brissey,* for appellee.

FELT, P. J.—On January 4, 1911, appellants filed their complaint in a justice of the peace court of Lake County to recover for services rendered appellee at his special instance and request in the construction of a certain building which work and labor is alleged to be reasonably worth $106. To this complaint appellee filed an answer in general denial and a plea of payment. He also filed a paragraph of counterclaim in which he alleged a breach of contract on the part of appellants and asked damages therefor. The case was tried by a jury and a verdict rendered in the justice's court for appellants for $102.55. From this judgment appellee appealed to the Lake Superior Court, where by permission of the court appellee filed an amended counterclaim. A trial by jury resulted in a verdict and judgment that appellants take nothing by their complaint and that appellee recover on his counterclaim against appellants' damages in the sum of $150. Appellants' motions for a new trial and in arrest of judgment, respectively, were overruled. The errors assigned and relied on for reversal are: (1) The overruling of appellants' demurrer to appellee's amended paragraph of counterclaim; (2) the overruling of appellants' motion for a new trial; (3) the overruling of appellants' motion in arrest of judgment.

The gist of the complaint is that appellants are architects and rendered services for appellee at his special instance and request in supervising the construction of a building on Fur Street in Indiana Harbor, Lake County, Indiana; that the services were of the value of $106 which amount is due and unpaid. The counterclaim in substance avers that appellants rendered services for appellee which were of some value; that the services were rendered in pursuance of the terms of an oral con-

tract between the parties by the terms of which appellants "agreed to compel certain contractors" to construct a building for appellee in accordance with certain plans and specifications adopted. therefor; that appellee at all times was ready to perform his part of the verbal contract but appellants failed and refused to comply with the conditions thereof and failed and refused to compel the contractors to complete the house according to the specifications and to turn the same over to appellee fully completed at the price stated in the plans and specifications; that appellants accepted the house from the contractors as finished before it was completed according to the plans and specifications, in violation of their contract with appellee, and caused the contractors to be paid in full therefor before the house was completed; that the house has not been completed and it will require the expenditure of $400 to complete the same according to the plans and specifications agreed to by the contractors; that appellants agreed to ascertain the amount of work completed by the contractor or subcontractors and to order payment of not to exceed seventy-five per cent of the contract price of the work actually completed and to notify appellee when any such payment was to be made; that appellants violated their agreement by ordering and directing appellee to pay the full contract price for certain work before the same had been done, which payments were accordingly made by appellee without knowing that the house had not been completed, whereby appellee was damaged in the sum of $300. Appellants contend that the counterclaim is insufficient to state a cause of action against them because it does not show a breach of the alleged contract nor aver that appellee performed all the conditions of the agreement to be performed by him, and fails

to allege facts which afford any measure of damages. Appellee insists that the counterclaim is sufficient and that the demurrer should be carried back to appellants' complaint and be sustained on the theory that it does not state a cause of action against him.

This suit originated before a justice of the peace and the complaint, or counterclaim, will be sufficient if it informs the adverse party of the nature of the cause of action he is called upon to meet, and is sufficiently explicit to bar another action for the same cause, if judgment is rendered thereon. §§1750, 1751, 1752 Burns 1914, §§1461, 1462, 1463 R. S. 1881; *Cleveland, etc., R. Co.* v. *Baker* (1900), 24 Ind. App. 152, 154, 54 N. E. 814; *Anderson* v. *Lipe* (1888), 114 Ind. 464, 466, 16 N. E. 833; *Mitten* v. *Caswell-Runyan Co.* (1913), 52 Ind. App. 521, 527, 99 N. E. 47. Measured by the foregoing standard we hold the counterclaim sufficient to withstand the demurrer for insufficient facts, and by the same rule we hold the complaint sufficient to state a cause of action.

Under the motion for a new trial appellants complain of the refusal of the court to give certain instructions tendered by them and of the giving of instructions Nos. 1 to 8 inclusive on the court's own motion. By instruction No. 2 the jury was informed that it is the duty of the court to construe a written contract, but that it was the duty of the jury to determine what the oral contract, if any, was, and to construe it, and it also stated: "That is the distinction between written and oral contracts. A written contract is construed by the court and the jury follows the instructions of the court; the oral contract is for the jury to construe and the court has absolutely no right to

give his opinion regarding what the contract entered into between two parties orally was." In this case both parties to the transaction agree that the contract or arrangement between them rested in parol. By this instruction the jurors were told that it was their right and duty, not only to determine the existence or nonexistence of the contract and to ascertain its terms, if there was an oral agreement, but they were also informed that, after ascertaining its terms, they should construe it, or in other words determine its legal effect. When there is a dispute as to the provisions of an oral contract or there is doubt as to the meaning of such parol agreement, if the case is tried before a jury it is for the jury, under proper instructions, to ascertain from the evidence the intention of the parties in making such parol agreement and to determine as questions of fact the terms and provisions thereof. If there is no dispute as to the terms of such oral contract, the duty of the court in construing it and stating its legal effect is identical with such duty in construing written contracts and informing the jury as to their legal effect. If the contract is in parol and the terms are in dispute or the meaning doubtful, the same duty still rests upon the court, but the manner of performing it is necessarily changed and in such cases the court should submit the questions of fact to the jury to be determined from the evidence and state the law applicable thereto in hypothetical instructions. The court must determine the legal effect of the contract and in such instances the instructions must necessarily be based upon assumed facts, the existence or nonexistence of which the jury is to determine from the evidence. *Annadall* v. *Union Cement, etc., Co.* (1905), 165 Ind. 110, 111, 74 N. E. 893; *Barton* v. *Gray* (1885), 57 Mich. 622, 633, 24 N. W. 638; *Beebe* v. *Koshnic* (1885),

55 Mich. 604, 606, 22 N. W. 59; *Elliott* v. *Wana-maker* (1867), 55 Pa. St. 67, 73, 25 Atl. 826; *Gassett* v. *Glazier* (1896), 165 Mass. 473, 480, 43 N. E. 193; *Davies* v. *Baldwin* (1896), 66 Mo. App. 577, 580; *Muckle* v. *Moore* (1890), 134 Pa. St. 608, 19 Atl. 801; 9 Cyc 786 (b); 1 Beach, Contracts §745; 2 Elliott, Contracts §1566. The rule is aptly stated by the supreme court of Michigan in *Barton* v. *Gray, supra,* as follows: "It is the province of the court to construe, interpret and determine the legal effect of all contracts. When the contract is in writing and its execution duly proved, the court must determine the legal effect of the language used. When it is verbal, the question of what the terms of the contract are, as established by the evidence, is for the jury. In the latter case the court must still determine the legal effect, and his instructions to the jury must be necessarily based upon facts assumed, and upon the existence of which the jury are to find from the evidence."

Complaint is also made of the giving of instruction No. 8 on the measure of damages, in the event of a recovery on the. counterclaim. There 4. are several suggestions in the instruction that were more or less vague and indefinite and which left the jury free to enter the field of speculation in assessing the damages, and it also told the jury that in case it found anything due on the counterclaim "it must be deducted from the $106 which is due the plaintiffs," whereas under the issues the jury could find for the plaintiffs upon the complaint and upon the counterclaim for the defendant in an amount greater than the plaintiffs' claim in which event the latter amount should have been deducted from the amount found due on the counterclaim. The forms of verdict submitted also erroneously indicate that the jury was required to find

against the defendant on his counterclaim in case
it found for the plaintiffs on their complaint, and
*vice versa,* in case it found for the defendant on his
counterclaim. The other objections to the instruc-
tions given need not be considered in detail since
the judgment must be reversed for the errors pointed
out and the errors, if any, in such other instructions,
will be apparent from the law as stated in this
opinion.

The appellants requested the court to peremp-
torily instruct the jury that there was no evidence
to sustain the counterclaim and to return a
verdict in their favor. There seems to be no
dispute as to the amount due appellants for
their services. It is not disputed that the con-
tractor failed to fully complete the building accord-
ing to the plans and specifications, and there is no
dispute that appellee knew the building was not
completed, but there is a controversy as to who was
in fault in paying certain amounts to subcon-
tractors, which appellee claims they were not entitled
to receive, and which payments he claims appellants
authorized in violation of their contract with him.
It is not disputed that appellants required a bond of
the general contractor and that appellee himself
waived the giving of such bond. It also appears
without contradiction that the general contractor
paid $1,000 to subcontractors without any author-
ity so to do from appellants. The evidence is not
clear or satisfactory, but we have concluded that
we can not say as a matter of law that there is no
evidence from which the inference of liability rea-
sonably could have been drawn by the jury.

To sustain the counterclaim there must be evi-
dence to show that appellants agreed and under-
took to supervise the construction of appellee's
building and determine for him when any payments

were due the contractor or subcontractors according to the plans, specifications and contracts previously entered into with such parties and to see that the work was done in accordance therewith; that appellee kept and performed his part of the contract with appellants and that they violated their contract with him by wrongfully, and without his knowledge, authorizing payments to be made to the contractor or subcontractors that were not due them under their contracts, whereby appellee in reliance upon such authorization and in ignorance of the fact that the money so paid was not then due, paid out money he should have retained, by reason of which the building was not completed and appellee was damaged to the extent of the money so paid out by him.

It is not claimed, and there is no evidence tending to show, that appellants undertook to construct, or to guarantee the completion of the building at the contract price, and their liability would not, therefore, arise by reason of the failure of the contractor to complete the building according to the contract, nor at all if the building had been fully completed according to contract for the agreed price, even though payments not due had been authorized by appellants, for in such event appellee would not have been harmed. The failure to complete the building is only involved in this suit to the extent that such fact shows, or may tend to show, that appellee was damaged by appellants' alleged violation of their contract. The measure of their liability would be the amount of money which they so wrongfully authorized paid, and which was actually paid by appellee in ignorance of the fact that the money was not due, not exceeding however, in any event, the amount required to complete the building, at the contract price, in accord-

ance with the contract, plans and specifications under which it was to be constructed. The liability for failure to complete the building would be against the one who had contracted so to do, and appellants' liability, if any, would arise as above indicated. *Indiana, etc., R. Co.* v. *Adamson* (1888), 114 Ind. 282, 286, 15 N. E. 5; *Montgomery County, etc., Soc.* v. *Harwood* (1891), 126 Ind. 440, 444, 26 N. E. 182; *Hamilton* v. *Feary* (1894), 8 Ind. App. 615, 620, 35 N. E. 48, 52 Am. St. 485; 8 Am. and Eng. Ency. Law (2d ed.) 632; 13 Cyc 155 (D).

Appellants tendered two instructions which in substance state that where a party to a suit has material evidence within his power and fails to produce it, the presumption arises that such 7. evidence, if produced, would have been unfavorable to him. Where a party has the power and opportunity of producing evidence or a witness or witnesses, presumably friendly to him, whose testimony would, or could, explain a transaction or further enlighten the court or jury, failure to produce such evidence or witnesses, or to make an effort so to do, raises the presumption, that the evidence or testimony, if produced, would be unfavorable to him or his contention. Such contention may be explained or rebutted by other evidence. *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 32, 103 N. E. 869; *Judy* v. *Jester* (1913), 53 Ind. App. 74, 89, 100 N. E. 15; *Indiana Union Traction Co.* v. *Scribner* (1911), 47 Ind. App. 621, 637, 93 N. E. 1014; *Lee* v. *State* (1901), 156 Ind. 541, 548, 60 N. E. 299; *Hinshaw* v. *State* (1897), 147 Ind. 334, 366, 47 N. E. 157. The instructions tendered invoke a correct principle of law applicable to cases where the party is so situated as to have it in his power to produce witnesses to explain a situation or prove or disprove some material fact affecting his interests or

relations involved in the controversy. The instructions tendered do not make it clear that appellee was present at the trial or that the circumstances were such as to justify the court in giving them, though it is perhaps reasonable to infer that such was the case. When such instructions are given they should be carefully worded to guard the interests of the party and should only be invoked when .it reasonably appears that he has it within his power to produce the witness or evidence, which presumably would not be intentionally unfriendly to him, and he fails to do so, or to make any reasonable effort so to do.

For the errors already pointed out the judgment is reversed, with instructions to sustain appellants' motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 111 N. E. 640. As to rights of parties on breach of contracts, see 33 Am. St. 791. As to intention of parties to a contract not reduced to writing as question for jury, see Ann. Cas. 1913 C 1310. As to province of court or jury to determine whether contract is contrary to public policy, see 11 Ann. Cas. 124. See, also, under (1) 24 Cyc 557, 558, 562; (2) 24 Cyc 558; (3) 9 Cyc 591; 38 Cyc 1525; (4) 34 Cyc 761; (5) 38 Cyc 1539, 1567; (6) 5 C. J. 278; 6 Cyc 51; (7) 16 Cyc 1059, 1062; 38 Cyc 1743.