# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

543

CA 12-02133

PRESENT: SCUDDER, P.J., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

STEVEN A. RICH, M.D., PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

RONALD R. BENJAMIN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LAW OFFICE OF RONALD R. BENJAMIN, BINGHAMTON (MARYA C. YOUNG OF COUNSEL), FOR DEFENDANT-APPELLANT.

FARACI LANGE, LLP, ROCHESTER (STEPHEN G. SCHWARZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered July 16, 2012. The order denied the motion of defendant for summary judgment dismissing the complaint and granted the cross motion of plaintiff to compel disclosure.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant, an attorney, orally contracted with plaintiff to consult on pharmaceutical products liability cases at an hourly rate of $500 per hour. After the initial $5,000 retainer was expended, plaintiff invoiced defendant for the services that he had rendered. Defendant did not pay the invoice, but assured plaintiff that payment would be forthcoming. After rendering additional consulting services, plaintiff subsequently invoiced defendant for all services rendered, but defendant likewise did not pay that invoice. Plaintiff thereafter commenced this action for, inter alia, breach of contract seeking damages in the amount stated in the second invoice.

In appeal No. 1, defendant contends that Supreme Court erred in denying his motion seeking, inter alia, summary judgment dismissing the complaint on the ground that he was only an agent to known principals, i.e., his clients, and thus cannot be held personally liable to plaintiff for the amounts owed. We reject that contention. "[A]n attorney who, on his [or her] client's behalf, obtains goods or services in connection with litigation [may] be held personally liable unless the attorney expressly disclaims such responsibility" (*Urban Ct. Reporting v Davis*, 158 AD2d 401, 402; *see* 2 NY PJI3d 4:1 at 751 [2013]). Here, the agreement between the parties was oral and it is disputed whether defendant "expressly disclaim[ed]" personal liability for the consulting services rendered by plaintiff (*Urban Ct. Reporting*, 158 AD2d at 402).

We thus conclude that a triable issue of fact precludes summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

In appeal No. 2, we agree with defendant that the court improvidently exercised its discretion in denying those parts of his motion to compel plaintiff to disclose items 8 and 9 of defendant's demand for production and inspection that pertained to plaintiff's experience as an expert in pharmaceutical litigation, including the retainer agreements and compensation arrangements associated therewith (*see generally Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845).  Specifically, inasmuch as the factfinder must determine the meaning of disputed terms of the parties' agreement (*see Hudak v Hornell Indus.*, 304 NY 207, 214; *Patten v Pancoast*, 109 NY 625, 626), we conclude that the documents requested in items 8 and 9 of defendant's demand for production and inspection are relevant and must be disclosed (*see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407). We therefore modify the order accordingly.  We note that defendant's contention regarding item 10 of his demand for production and inspection is raised for the first time on appeal and thus that portion of his contention is not properly before us (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  Finally, we note that defendant's attorney conceded at oral argument of this appeal that items 4 and 5 of defendant's demand for production and inspection are overbroad and unduly burdensome on plaintiff, and defendant therefore has abandoned any contentions on appeal with respect to those items (*see Ciesinski*, 202 AD2d at 985).

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court