DUANE A. TINKLEPAUGH *vs.* LOIS ROUNDS and another.

December 3, 1877.

**Evidence of Former Statements for Purpose of Discrediting Witness—Jury must Determine Effect of Variance.**—The admissibility of evidence of former statements made by a witness, offered for the purpose of discrediting him, does not depend on the degree of variance between such former statements and his evidence on the trial. If they differ in any material particular it is for the jury to determine the effect which the variance shall have on the witness' credit.

This action was brought to recover a piano which the plain-

tiff claimed to have purchased from the former husband of the defendant Lois Rounds. The cause was tried in the district court for Hennepin county before *Young,* J., and a jury. The defendant testified that the piano was her own private property, purchased with her own means, and had never belonged to her husband. To discredit her testimony the plaintiff offered in evidence the affidavit of the defendant, made after her divorce from her husband, and upon an application to the court granting the divorce for an order placing said piano in the custody of an officer of the court until the rights of said Lois Rounds and of her former husband to the said piano might be determined.

The affidavit alleged that under the decree of divorce it was ordered that deponent have one-third of the household goods and personal property of her former husband; that the said piano was included in the personal property of the parties to the divorce, and was then worth from $350 to $400; that of the money which went to the purchase of the piano $100 was the property of the deponent; that all the household goods had been converted and appropriated by the former husband of the said deponent, except the said piano; that her said former husband had left Minneapolis about two weeks before the making of said affidavit, stating that he was going to Oregon and did not intend to return; that deponent did not know to what place in Oregon he had gone, and that she was informed and believed that he left no other property in the state except said piano.

This offer was refused and exception taken. The jury rendered a verdict for defendant, and a motion for a new trial having been overruled, the plaintiff appealed.

*Whytock & Albaugh,* for appellant, cited, Stark. on Ev. (10th Ed.) 422; *Everson* v. *Carpenter,* 17 Wend. 421; *Houstine* v. *O'Donnell,* 5 Hun, 472; *Lightfoot* v. *People,* 16 Mich. 507; *Clapp* v. *Wilson,* 5 Denio, 285.

*Atwater & Babcock,* for respondent.

GILFILLAN, C. J. The defendant Rounds, having in her

direct examination testified in effect that the piano was hers, bought and paid for by her, it was of course competent for the plaintiff to discredit her by showing that she had made statements or admissions at variance with her testimony.

The admissibility of the discrediting testimony does not depend on the degree of variance between it and the subsequent testimony. If it differs in any material particular it is for the jury to determine what effect such difference in statement shall have on the witness' credit.

The affidavit of Rounds was admissible for the purpose for which it was offered—to discredit her. It varies from her testimony on the trial, not merely because it only states, as paid by her, one hundred dollars of the price of the piano, while on the trial she testifies to having paid the entire price, but because the whole tenor of the affidavit, taken in connection with the purpose for which it was made, indicates that the piano was either the property of her husband or was owned by them together. One sentence may be taken from the affidavit to show its tenor in this particular:

"Deponent does not know to what place in Oregon he (her former husband) has gone, and that she is informed, and believes, that he left no other property in the state except said piano."

The exclusion of the affidavit was error.

Order reversed and a new trial ordered.