## MYERS ET AL. *v.* MANLOVE ET AL.

[No. 20,179.   Filed October 5, 1904.   Rehearing denied January 24, 1905.]

1.   TRIAL.—*Alternative Instructions.—Waiver.*—Where evidence is introduced over the objection and exception of defendants in a will contest, and defendants request an instruction that such evidence should not be considered for any purpose, and an alternative instruction that such evidence should go only to the weight of the evidence of such witness, but should not be considered as substantive evidence, which latter instruction was asked to be given only on condition that the former was rejected, the record showing the court's attention was called to such condition, such request is not a waiver of the exception to such evidence, nor to the exception to the refusal to give such former instruction.   p. 129.

2.   EVIDENCE.—*Wills.—Unsound Mind.—Impeachment.*—A witness testifying that the testator was of sound mind, and that the last time she saw her was in the fall of 1900, the will being executed October 26, 1901, can not be impeached by showing on rebuttal that such witness had written a letter on July 26, 1902, stating that "the face of that will shows that her mother [testator] was not capable of making a will, by making such unequal distribution of her effects. If her family had been reckless, it might have given some excuse for the provisions of said will."   p. 130.

3.   SAME.—*Witnesses.—Declarations.—Impeachment.*—Declarations of a witness can be used for the purpose of impeachment only when in necessary conflict with the witness's testimony. It is not necessary that the contradiction be in express terms, but simply irreconcilable. p. 130.

From Fayette Circuit Court; *W. A. Brown,* Special Judge.

Action by George E. Manlove and others against Mary L. Myers and others. From a judgment for plaintiffs, defendants appeal. *Reversed.*

*McKee, Little & Frost* and *Watson, Titsworth & Green,* for appellants.

*Conner & Conner* and *Florea & Broaddus,* for appellees.

GILLETT, J.—Appellees brought this action to contest an instrument which had been probated as the will of Margaret

Manlove, deceased, on the ground that she was of unsound mind at the time she attempted to execute said instrument, and, on the further ground, that it was unduly executed. There was a verdict for appellees, upholding the first of these assigned causes of contest, and, over a motion for a new trial filed by appellants, judgment was rendered setting aside the will.

1. Upon the trial of the cause, appellants called as a witness one Mary M. Hensley, a sister of the deceased. After duly qualifying, the witness was permitted to express the opinion, based on the facts and circumstances she had related to the jury, and upon her observations of her sister at the various times they had met, as narrated by the witness, that her sister was a person of sound mind. The last time that they had met, according to the evidence, was in the fall of 1900. The instrument in contest was signed October 26, 1901. Appellees, upon the cross-examination of said witness, identified a letter written by her July 26, 1902, some five months after the death of her sister. Upon rebuttal, appellees offered the following portion of said letter in evidence: "Laura [one of the appellants] has lowered herself in my estimation in the course she has taken. The face of that will shows that her mother was not capable of making a will, by making such unequal distribution of her effects. If her family had been reckless, it might have given some excuse for the provisions of said will." To the offered portion of the letter, appellants objected that the opinions expressed in it were based upon a will which was prepared and executed long after the witness had testified that she had last seen the testatrix in life, and for the reason that the offer was simply an effort to get before the jury the opinion of the witness that the will was unfair. The objections were overruled, and exception reserved, and the portion of the letter above quoted was thereupon read in evidence. At the proper time appellants tendered an in-

struction directing the jury not to consider the letter for any purpose whatever, and they also tendered an instruction that the portion of the letter read in evidence was not to be considered by the jury as substantive evidence, but was to be considered only so far as it might throw light upon the weight which should be given to the testimony of said witness. Upon the margin of the latter instruction it was indicated that said instruction was only to be given in the event that the instruction first above mentioned was refused, and the bill of exceptions shows that said indorsement was called to the attention of the court at the time the instructions were tendered. The court gave the latter instruction, but refused the former, to which last-mentioned ruling appellants reserved an exception. The practice of tendering an instruction with the request that it be given in the event that another instruction tendered is refused is one which the code does not make provision for, but, whether the practice is proper or not, we perceive no reason why the action of appellants in seeking to limit the effect of evidence introduced over their objection should be construed as a waiver of their exception reserved upon the introduction of the evidence, or of their exception to the refusal of the court to give an instruction directing the jury entirely to disregard the evidence.

2. The testimony of the witness Mary M. Hensley upon her direct examination was such as to render it competent for appellees, after laying the proper foundation, to introduce as impeaching evidence any declaration she may have made which was in contradiction of the opinion expressed by her as to the sanity of her sister; but, as her opinion expressed upon the witness-stand must necessarily have been understood to have related to a time considerably anterior to the time of the signing of the instrument in question, it results that there was no conflict between her testimony as to her opinion and her subsequent extrajudicial declaration.

3. The rule respecting declarations admissible solely as

impeaching is such that, if the testimony of the witness and his statement out of court are consistent and reconcilable with each other, evidence of the latter statement will not be received. *Wagner* v. *State* (1888), 116 Ind. 181; 1 Wharton, Evidence (3d ed.), §558, and cases there cited. The contradiction need not be in terms, but the impeaching declaration must be inconsistent with the testimony of the witness in some material particular. *State* v. *Kingsbury* (1870), 58 Mc. 238. Here the observations were general, and, for aught that appeared, were based wholly upon the provisions of the will. The court below erred in permitting the portion of the letter of said witness which is set out in the record to be introduced in evidence. For this reason, there must be a reversal.

Judgment reversed, and a new trial ordered.