SEIBERT BROS. & CO. v. GERMANIA FIRE INS. CO. OF NEW YORK CITY, Appellant.

SEIBERT BROS. & CO. v. NORTHWESTERN-NATIONAL INSURANCE COMPANY OF MILWAUKEE, WIS., Appellant.

SEIBERT BROS. & CO. v. RELIANCE INSURANCE CO. OF PHILADELPHIA, PA., Appellant.

SEIBERT BROS. & CO. v. QUEEN INSURANCE CO. OF AMERICA, Appellant.

SEIBERT BROS. & CO. v. DELAWARE INSURANCE COMPANY OF PHILADELPHIA, Appellant.

SEIBERT BROS. & CO. v. THE GERMAN INSURANCE COMPANY OF FREEPORT, ILL.

**Submission of issues:** WAIVER OF OBJECTION. Where a case is tried upon the theory that a certain issue is involved, its submission is not erroneous, although technically the issue is not raised by the pleadings.

**Insurance:** APPRAISEMENT OF LOSS: INSTRUCTION. An instruction that it is the duty of appraisers appointed to adjust a loss by fire, to give a "just and fair award" is not objectionable as requiring of them more than an exercise of their best judgment.

**Arbitration:** AWARD: BURDEN OF PROOF. Every reasonable presumption will be indulged in favor of the legality of an award and the burden is upon the one attacking the same to establish the contrary.

**Agreement to arbitrate:** CONSTRUCTION: AWARD. Where an arbitration agreement provided for two appraisers to determine the loss, who should choose an umpire to act with them in matters of disagreement only, the umpire and one appraiser, after the withdrawal of the other, had no authority to make an award on a portion of the loss which the appraisers had not considered although the agreement further provided that any two of the appraisers should make the award.

**Evidence:** DISCREDITING STATEMENTS. Where a witness has given his opinion as to the amount of a loss occasioned by fire it may be shown that he has made statements inconsistent therewith, but such statements must in fact be at variance with his present testimony to be admissible.

*Appeal from Winnebago District Court.*— Hon. Clifford
P. Smith, Judge.

Friday, March 9, 1906.

Rehearing denied, Thursday, October 25, 1906.

Suit at law on insurance policies.   The six cases were
consolidated and tried as one in the district court.   From a
verdict and judgment in favor of the plaintiffs, all of the
defendants appeal.— *Reversed.*

*Carr, Hewitt, Parker & Wright* and *Sullivan & Sul-
livan,* for appellants.

*L. O. Hatch, Oliver Gordon,* and *Healy Bros. & Kelle-
her,* for appellees.

Sherwin, J.— The plaintiffs owned a stock of general
merchandise, worth from $12,000 to $15,000, that was in-
sured by the defendants.   On the 19th of December, 1903,
a fire occurred in their store building, on account of which
they suffered a loss.   Shortly thereafter an attempt was
made to adjust the loss, but the parties were unable to agree
on the amount thereof, and finally stipulated for an ap-
praisement.   The agreement was in writing, and provided
that J. A. Plummer and W. W. Thomas should ascertain
and fix the sound value of the stock immediately preceding
the fire and the loss and damage thereto.   It further pro-
vided that the two appraisers named should " first select a
competent and disinterested umpire, who shall act with them
in matters of difference only.   The award of said apprais-
ers, or any two of them, made in writing, in accordance
with this agreement, shall be binding upon both parties to
this agreement."   Plummer and Thomas qualified, and
selected as umpire A. O. Gjellefald, who also qualified.
Plummer and Thomas then proceeded with the appraise-

ment, calling to their assistance the umpire when occasion required, and worked together until Plummer refused to further act because of the difference between himself and Thomas. Thomas and Gjellefald then completed the appraisement and returned an award of $1,705.37. This the plaintiffs refused to accept, and brought these suits on the policies, alleging in their petitions several reasons why the award was not binding on them, all of which we shall consider later. The defendants plead the appraisement and their tender of compliance therewith, and joined issue on all of the other averments of the petition. There was a trial to a jury and verdict for the plaintiffs for the aggregate sum of $4,500.

The plaintiffs alleged that the agreement to arbitrate and the pretended award resulting therefrom were void because they were induced to enter into the agreement by the false and fraudulent representations and conduct of the defendants as to the appraiser Thomas, who was selected by them, and that when the agreement was made, and while acting as an appraiser in this case, Thomas " was a· professional adjuster and· appraiser, unfair, partial, biased and interested, and whose sole business was that of acting as an appraiser or adjuster for insurance companies in fire losses."

The court instructed that one of the grounds relied on by the plaintiffs for setting aside the award was because Thomas was not a disinterested and impartial appraiser.

1. SUBMISSION OF ISSUES: waiver of objection. The instructions are assailed on the ground that no issue of the kind was presented by the pleadings. A critical analysis of the pleadings supports the appellant's contention; but they are in no situation to complain thereof, for the reason that the case was tried on the theory that such was the issue and they themselves asked instructions thereon.

The fourth instruction is further criticised because the jury was told therein that it was the duty of the appraisers to give a just and fair award, while the law requires only

that they exercise their best judgment. The. instruction

2. INSURANCE: appraisement of loss: instruction.

could not have misled the jury, however, for men of the most common understanding would know that the honest judgment of the appraisers was all that could be required or obtained.

It is further urged that the evidence was insufficient to warrant the court in submitting to the jury the question whether Thomas was a fair and impartial appraiser. It is

3. ARBITRATION: award: burden of proof.

undoubtedly true that every reasonable presumption will be indulged in favor of the legality of the award, and that the party assailing it has the burden of proof to show to the contrary. *Vincent v. German Insurance Company,* 120 Iowa, 272; *Tomlinson v. Hammond,* 8 Iowa, 40.    But in this case the record discloses evidence sufficient to warrant the jury in finding as a matter of fact that the award should not stand. We shall not enter into a discussion of the evidence on which we base this conclusion, for two reasons:    First, because it is not our practice to do so; and, second, because we shall have to send the case back for further trial and such discussion would be improper.

The defendants plead an estoppel to question the award because the plaintiffs, knowing all of the facts relative to Thomas, aided and assisted in making the appraisement without objection to him.    If facts or circumstances had been proven tending to support the issue thus presented, it would have been error not to· instruct thereon, but counsel have not called our attention to the evidence on which they rely, and we have been unable to find it for ourselves.

The appellees assailed the award because it was made by Thomas and Gjellefald alone, and the court submitted to the jury the question whether there had been a final dis-

4. AGREEMENT TO ARBITRATE: construction: award.

agreement between the two appraisers that authorized the umpire to act.    The appellants contend there was error in submitting this question to the jury because the evidence conclusively

showed a disagreement between the appraisers. The real point in controversy, however, is whether the umpire had authority to act with Thomas in appraising the loss after the retirement of Plummer. Both parties are, of course, bound by their agreement, and a construction thereof can alone determine this question. The agreement provides, as we have seen, that the two appraisers shall appraise and estimate the loss, and that they shall select a third person as umpire, " who shall act in matters of difference only." It is further provided that the award of said appraisers, or any two of them, shall be final. The court construed the agreement to mean that the umpire was not authorized to " make an award covering the whole stock and concurred in by only one of the appraisers unless both of the appraisers first examined the stock of goods and formed and expressed to each other their opinions or estimates with respect to such sound value and damages and failed to agree." We think the instruction correct. But for the provision in the agreement that the award might be made by only two, there could be no possible question as to the intent of the parties that the award must be made and signed by both appraisers. The agreement explicitly provides for an umpire, who shall have no power to decide or appraise except when there is a difference of poinion between the other two, and the agreement to abide by the award of any two means simply that the decision of the umpire and one appraiser on a disputed point shall be final. There is evidence tending to show that Plummer and Thomas did not go over the whole stock before the withdrawal of the former, and hence the question was properly submitted to the jury for its determination as to the extent of their joint work as appraisers. See on this question generally, *Richards v. Holt & Hall,* 61 Iowa, 529; *Cary v. Bailey,* 55 Iowa, 61; *Kent v. French,* 76 Iowa, 187. The rule is different where all three of the arbitrators have power to act, with authority conferred upon either two to

make an award.    Ostrander on Fire Insurance (2d Ed.), section 291.

The umpire, Gjellefald, was used as a witness for the defendants, and gave his opinion as to the value of the goods immediately before and after the fire, based upon his knowledge of the stock acquired in making the examination and appraisement thereof. On cross-examination he was asked whether he did not have a fire in his store before the plaintiffs' occurred, and whether he did not say on the day after the plaintiffs' fire that plaintiffs' fire was worse than his. The witness admitted having had a fire, but denied the alleged statement. He was then compelled to answer that he had received over $4,000 from the insurance companies in settlement of his loss. The plaintiffs were then permitted to prove the statement attributed to the witness. Whether the statement itself was admissible as impeaching evidence is perhaps doubtful. The witness gave his opinion as to the loss sustained by the plaintiffs, and under our own decisions it is competent to show that a different opinion has been expressed. *Miller v. Mutual Benefit Life Association,* 31 Iowa, 216. It is a familiar rule, however, that there can be no impeachment on irrelevant matter, and that, to be admissible, the alleged variant statement must in fact be at variance with the witness' present testimony. In other words, where an alleged variant statement is not substantially inconsistent with the testimony sought to be contradicted, it is inadmissible. *Pearl v. O. & St. L. Ry. Co.,* 115 Iowa, 535; *Myers v. Manlove et al.,* Ind. Sup. (71 N. E. 893).

In this case it is claimed that the witness was in the building the day after the fire, and that, in answer to a statement that the fire was nearly as bad as his, he answered, " Oh, it is much worse than mine." Nothing further was said on the subject, and the testimony tends to show that the witness had in fact then made no examination as to the plaintiffs' loss. But notwithstanding this we are inclined

**5. EVIDENCE:** discrediting statements.

to the view that the statement was not in itself inadmissible. On its face it appeared to be, to some extent at least, at variance with his testimony, and its weight and importance are immaterial on the question of admissibility. *Hook v. George,* 108 Mass. 324; *Tinklepaugh v. Rounds,* 24 Minn. 298. There being a variance, its sufficiency to impair the credit of the witness is for the jury to determine. The only testimony offered tending in any degree to make the alleged variant statement material was that of the witness on cross-examination that he had settled his loss for a litttle over $4,000. This evidence was incompetent as a foundation for the comparison sought to be shown. An insurance company or any other corporation may, for reasons of its own, buy its peace just the same as an individual may, and the fact that the witness compromised or settled his claim is not alone sufficient evidence of damage to his stock. In fact, the record does not show that his settlement covered only the damage to his stock. The testimony as to the settlement and as to his statement was therefore inadmissible, and that it was prejudicial to the defendants cannot be doubted.

The judgment is *reversed.*