INDIANAPOLIS LIGHT AND HEAT COMPANY ET AL.
*v.* DOLBY, ADMINISTRATRIX.

[No. 6,939. Filed October 26, 1910. Rehearing denied December 30, 1910. Transfer denied April 5, 1911.]

1. APPEAL.—*Weighing Evidence.*—*Telegraphs and Telephones.*—A verdict in favor of an administratrix for the death of her husband, alleged to have been caused by a current of electricity generated by defendant light and heat company and negligently permitted to escape to a telephone company's wires and by such company negligently permitted to escape to the city's wires, is conclusive of such facts on appeal, where the evidence is conflicting. p. 408.

2. PLEADING.—*Complaint.*—*Prolixity.*—A lengthy complaint will be sustained, on appeal, if it contains the essential averments. p. 408.

3. ELECTRICITY.—*Telegraphs and Telephones.*—*Negligence.*—*Evidence.*—Evidence that defendant light and heat company had trouble during a stormy night from the escape of electricity, that several accidents happened from electricity in the vicinity, and that such company was the only one conveying high currents in the vicinity, sustains a verdict that such company produced the electricity that killed the plaintiff's decedent, alleged to have been killed by the negligence of such company and of a telephone company in carrying a current to the city's wires, though the place of contact of the wires was not shown. p. 408.

4. EVIDENCE.—*Burden of Proof.*—*Civil Actions.*—A preponderance of the evidence entitles the plaintiff to recover in a civil action. p. 409.

5. ELECTRICITY.—*Escape.*—*Negligence.*—*Evidence.*—In an action against a light and heat company for negligently killing a policeman using a police telephone box, evidence that decedent was killed by electricity generated by such company and conveyed to such box, makes a *prima facie* case of negligence. p. 410.

6. ELECTRICITY.—*Liability for Injuries by.*—Persons conveying electricity along the public highways of the State are required to use care commensurate with the danger connected therewith. p. 410.

7. ELECTRICITY.— *Escape.— Negligence.— Interrogatories.*— In an action against a light and heat company and a telephone company for negligence in generating and conveying a deadly current to the city's police telephone wires, thereby killing a policeman, answers to interrogatories to the jury that the point of escape of electricity was not shown, do not entitle either defendant to a judgment, the plaintiff being required to prove only that it did escape, the place thereof being uncontrolling. p. 411.

8. ELECTRICITY.—*Escape.—Negligence.—Complaint.*—A complaint showing that defendants negligently conveyed 2,250 volts of electricity into a police patrol box, and that when a patrolman attempted to use such box he was instantly killed thereby, sufficiently shows that such negligence was the cause of his death. p. 411.

From Superior Court of Marion County (73,545); *George F. Mull,* Judge *pro tem.*

Action by Maranda Dolby, as administratrix of the estate of Edward Dolby, deceased, against the Indianapolis Light and Heat Company and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Elmer E. Stevenson,* for appellant.

*Henry N. Spaan* and *Kealing & Hugg,* for appellee.

ROBY, J.—Appellee's decedent was an Indianapolis policeman. On the morning of July 13, 1906, he was on duty, and at about 3:15 o'clock approached a police patrol box to call up headquarters and report, as his duty required. It was a rainy night. He was accompanied by a companion policeman, who was about fifteen feet back of him. When he put his key in the key hole of the box, he was thrown about nine feet and killed. The cause of the accident was a high current of electricity with which the city telephone wires had in some manner become charged. This action was brought against appellant Indianapolis Light and Heat Company, appellant The Indianapolis Telephone Company, and the Central Union Telephone Company. At the close of the

evidence the action was dismissed as to the last-named defendant, and a verdict was returned in appellee's favor against the first two defendants, awarding damages in the sum of $3,312.50. Appellant light and heat company distributes electricity by an overhead system of wires in the city and in the vicinity of the place where Dolby was killed.

Its wires were strung in proximity to the telephone wires. The verdict and judgment establish the fact, that the current by which decedent was killed was generated by appellant light and heat company, and that it had been negligently suffered to escape from the wires of that company to those of the telephone company and of the city.

The complaint is very long, but it is sufficient if such facts are within its averments, and if there is evidence to support the finding, it cannot be interfered with by this court.

It is contended, with force and plausibility, that there is no evidence supportive of the finding that the current in question was generated by appellant light and heat company, and that no act of negligence on its part has been shown, either in commission or omission.

The record contains about eleven hundred typewritten pages, a large number of which consists of the stenographer's report of evidence. It is shown thereby that there had been a storm early in the night, and before 2 o'clock the employes of the light and heat company were trying to locate trouble on its lines.

A great deal of testimony was heard as to occasions and places where high currents had been diverted from their proper course, inflicting damage of various sorts, about the time of the occurrence complained of, included in which was proof that a number of other policemen were severely shocked when attempting to use other patrol boxes in the district. Appellant light and heat company bases its claim that the evidence fails to show that the death was caused

by its current upon the fact that no direct evidence was introduced showing the place of contact between its wires and any others, or that there was such contact. It also asserts that the current may have come from the wires of the street railroad company, and that it might have done so is probably true. But the showing that said appellant had trouble upon its lines the night in question is supplemented by proof that it was the only one of the companies distributing high currents of electricity in that vicinity which did have trouble at that time. The absence of proof showing the exact point at which the current escaped does not overthrow the conclusion, properly drawn from other evidence in the cause, that it did escape. The very point in issue is not as to the place, but as to the fact of escape. If it were necessary to restrict inquiry to the narrow limits claimed, it would be practically impossible, in a majority of instances, to fix responsibility for damage done by this most dangerous agency. The argument made in support of appellant light and heat company's claim proves too much. It could as well be made to demonstrate that the man was not killed by electricity, or not killed at all, matters with regard to which

4. there is no doubt. It is not necessary in civil cases that facts be established beyond reasonable doubt, nor that they be proved by eyewitnesses. If no high current of electricity were generated or used in the city, or in the vicinity where the accident occurred, except that generated and used by appellant light and heat company, the fact that the policeman was killed by such a current would satisfy even the requirement of reasonable doubt. The case made is only weaker than the suppositional one, in that the street railroad company had high tension wires near enough that its current might have been conveyed to the place of accident. The facts proved were clearly sufficient to fix liability according to reasonable probability as between these two companies.

Appellee's theory was that the wires of the Indianapolis

Telephone Company fell upon the high tension wires of the light and heat company, and was by them conveyed to the city's wires and patrol box. *City Electric St. R. Co.* v. *Conery* (1895), 61 Ark. 381, 33 S. W. 426, 31 L. R. A. 570, 54 Am. St. 262. The finding as to that phase of the case was also warranted.

The connection of appellants with the accident in the manner specified renders the second proposition untenable.

5. When appellee shows that her decedent was killed by an electric current, so conveyed from the dynamos of the light and heat company to the patrol box, she has made a *prima facie* case of negligence. This is the most conservative statement of the law that can be supported by authorities, many of which go very much further.

6. "The courts agree that outside of any contractual relation the very nature of the business of transmitting such currents along highways imposes upon those engaged in it the legal duty to exercise, for the protection of all persons lawfully using the highways, the high degree of care commensurate with the danger incident to the proximity thereto of the wires charged with their invisible but deadly power." *Walter* v. *Baltimore Electric Co.* (1909), 109 Md. 513, 71 Atl. 953, 22 L. R. A. (N. S.) 1181. See, also, *Boyd* v. *Portland Electric Co.* (1901), 40 Or. 126, 66 Pac. 576, 57 L. R. A. 619; *Herbert* v. *Lake Charles Ice, etc., Co.* (1903), 111 La. 522, 35 South. 731, 64 L. R. A. 101, 100 Am. St. 505; *Simmons* v. *Shreveport Gas, etc., Co.* (1906), 116 La. 1033, 41 South. 248.

The owner of a ferocious tiger is bound to confine it, or if it escapes and kills he is responsible. The high electric current is more deadly than any tiger. It kills by a touch, and its presence is only discovered when the mischief has been done; so that those who generate such currents ought, on principle, to be made insurers against damage thereby done. The authorities do not go this far, however, and for

NOVEMBER TERM, 1910. 411

Home Tel. Co. v. North Manchester Tel. Co.—47 Ind. App. 411.

the purpose of this decision it is enough to hold that the facts heretofore summarized make a *prima facie* case.

This part of the appeal is presented by the motion for a new trial, and when it is disposed of, very little of substance remains for consideration.

Appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict, was correctly overruled. The failure to find at which exact point the connection was made did not entitle either defendant to judgment.

7.

It is contended that the complaint is bad in failing to show that the negligence charged was the proximate cause of decedent's death. The averments are that 2,250 volts of electricity were negligently carried into the patrol box, and that Dolby, when he attempted to use the telephone therein, was instantly killed by said current. The pleading was sufficient to show proximate cause according even to the rules of the most attenuated logic.

8.

Other questions have been argued and have been examined, without finding any reason for reversal.

The judgment is affirmed.