## MICHIGAN CITY GAS AND ELECTRIC COMPANY v. DIBKA, ADMINISTRATRIX.

[No. 7,751.  Filed February 21, 1913.  Rehearing denied May 14, 1913.  Transfer denied October 16, 1913.]

1. TRIAL.—*Answers to Interrogatories.—Verdict.*—The jury's answers will not prevail against the general verdict if it can be upheld under any supposable state of facts provable under the issues.  p. 252.

2. ELECTRICITY.—*Death by Charged Guy Wire.—Evidence.—Trespassers.*—Where the evidence conclusively showed that defendant's electric light pole and a guy wire attached thereto, charged with a deadly current of electricity, were in one of the streets of a city, and that decedent's dead body was found in close proximity to such guy wire, it sufficiently appeared that decedent, at the time he was killed, was at a place where he had a right to be and was not a trespasser.  p. 253.

3. ELECTRICITY.—*Transportation. — Care Required.* — Aside from any contractual relation, the nature of the business of transmitting electric currents along highways imposes upon those engaged in it the legal duty to exercise, for the protection of all persons lawfully using the highways, a high degree of care commensurate with the danger incident to the proximity thereto of the wires charged with such currents.  p. 253.

Michigan City Gas, etc., Co. *v.* Dibka—54 Ind. App. 248.

4. ELECTRICITY.—*Injury to Persons on Highway.—Charged Wire.*
—*Evidence.—Proximate Cause.*—Where it was shown that decedent left his home early on the morning of his death to go to a saloon, and as he passed an electric light pole, saw fire blazing from the earth in the immediate vicinity of a guy rod; that shortly after leaving the saloon, where he had expressed an intention to investigate what he considered a peculiar phenomenon, his body was discovered on the sidewalk near the wire, that his body was badly burned about the hands and back of the head, indicating that he had taken hold of the guy wire, which, through defendant's negligence, was heavily charged with electricity, the jury was warranted in finding that the death resulted from contact with defendant's guy wire; and, even though decedent's contact with such wire was negligent, it was not the independent, sole, or efficient cause of his death, but defendant's negligence in permitting the wire to become charged must be deemed the proximate cause. pp. 254, 256.

5. NEGLIGENCE.—*Proximate Cause.*—The proximate cause is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produced the result complained of, and without which that result would not have occurred. p. 256.

6. ELECTRICITY.—*Injury to Persons on Highway.—Contributory Negligence.*—Where decedent was killed by coming in contact with a heavily charged guy wire in a public street, in the absence of proof as to whether such contact was voluntary, it cannot be said as a matter of law that he was guilty of contributory negligence, although it was shown that he saw fire blazing from the ground near the wire and had expressed an intention to investigate its cause. p. 257.

7. NEGLIGENCE.—*Contributory Negligence.—Jury Question.*—As a rule the question of contributory negligence is one of fact for the jury, and will be declared to exist as a matter of law only where the facts warrant no other conclusion than that of contributory negligence. p. 257.

From St. Joseph Circuit Court; *W. H. Funk,* Judge.

Action by Ida Dibka, administratrix of the estate of August Dibka, deceased, against the Michigan City Gas and Electric Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Bomberger, Sawyer & Curtis, J. H. Gillett* and *Elmer E. Stevenson,* for appellant.

*Osborn, McVey & Osborn,* for appellee.

HOTTEL, J.—This action was commenced by appellee against the appellant to recover damages for the death of her husband, August Dibka, hereafter referred to as the decedent, who was found dead at the foot of one of appellant's poles in a street in Michigan City on the morning of November 21, 1907.

The complaint is in one paragraph, the sufficiency of which is not questioned in this court. It contains averments showing that at the time decedent was killed, the appellant was a corporation operating an electric plant in Michigan City, furnishing light to said city and its citizens; that in the operation of said plant it maintained its poles and wires in the public highways of said city; that one of said poles was located at the intersection of Chicago and Green streets and the tracks of the Michigan Central Railroad Company in said city; that such pole was stayed with two uninsulated guy wires, one of which was negligently provided with an insufficient circuit breaker, and extended from near the middle of said pole to within two feet of the ground to an anchor post in said Chicago Street; that the other guy wire was fastened on the opposite side of said pole, extended to another pole 50 feet south and was negligently permitted to be in contact with said other guy wire; that appellant knowingly and carelessly fastened to said pole its feed wire "used by it to carry electricity of a high potential, and maintained said feed wire so near to said guy wires, and each of them, that it was likely to come in contact with said uninsulated guy wires and negligently permitted said feed wires so charged with electricity of a high potential to become and remain uninsulated and while so uninsulated to come in contact with each of said guy wires"; that by reason of said careless and negligent act of appellant, in connection with other acts of negligence particularly set out, each of said guy wires became charged with a deadly current of electricity; that on November 21, 1907, the decedent was passing along said Chicago Street, using due care and diligence for

his safety when his hand and body came in contact with, or so near to, said first mentioned guy wire, so charged with electricity, that the current therefrom passed into and through his body and he was then and there instantly killed. A general denial was filed to this complaint and the cause was submitted to a jury for trial which returned a verdict for appellee for $2,500. Interrogatories were submitted to the jury which were answered and returned with the general verdict. A motion for judgment on the answers to interrogatories and a motion for a new trial were each overruled and these rulings present the only errors assigned and relied on for reversal.

The only question presented and argued by appellant in its brief is the sufficiency of the evidence to sustain the verdict, and the ruling on the motion for judgment on the answers to interrogatories. By the answers to interrogatories the jury found the following facts: On November 21, 1907, decedent came in contact with one of appellant's guy wires which had become charged with electricity because of its contact with an improperly insulated feed wire of appellant. The point of contact where said guy wire sagged upon the feed wire was not the only point where said feed wire was uninsulated, and its lack of insulation at said point of contact was not due to the fact that the insulation was burned off by the contact, but was due to other causes. The condition of appellant's wires at said time and place by which the guy wire became charged with electricity was known as a "ground." The south end of the guy wire which led south was attached to a pole of the "Postal Telegraph Cable Company". No part of appellant's appliances in and about its said pole was unsteady or insecure except the sagging wire. The charged guy wire was connected with the ground by means of an iron rod which extended about two feet above the surface of the ground. The "ground" caused fire to blaze from the earth in the immediate vicinity of the guy rod. The decedent saw the fire at and about said guy rod

and passed across Chicago Street in the vicinity of said pole less than one-half hour before his death, and at that time saw the fire at and about said guy rod. Said guy rod was hot at the time decedent came in the immediate vicinity thereof. The fire around said guy rod was plainly visible to any one who came in the neighborhood thereof in Chicago Street. Decedent came in contact with the guy wire by accident some time after he had started to his home from a saloon at the corner of Tenth and Huron streets. In going from said saloon to his home by the ordinary way, decedent would pass within two feet of the guy rod and wire in question. There was no sidewalk on Green Street near the pole, and none on Chicago Street except on the south side, being on the opposite side from the pole. In response to a question "When decedent was last seen alive, so far as the evidence discloses, did he express an intention to investigate the cause of said fire around the guy rod?" the jury answered: "No substantial evidence". These answers

1. will not prevail against the general verdict if it can be upheld under any supposable state of facts provable under the issues. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 304, 53 N. E. 235; *Vaught* v. *Barnes* (1902), 29 Ind. App. 387, 389, 62 N. E. 93, 63 N. E. 864, 64 N. E. 623; *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, 664, 64 N. E. 92; *Southern R. Co.* v. *Utz* (1913), 52 Ind. App. 270, 98 N. E. 375, and cases there cited. The motion for judgment on the answers to interrogatories was properly overruled.

In their discussion of the sufficiency of the evidence to sustain the verdict appellant's counsel contend in effect: (1) that the evidence does not show that the decedent was using the street for ordinary travel at the time he met his death; (2) "where there are two or more possible causes for an injury, for one or more of which the defendant is not liable, the plaintiff, in order to recover, must show by the evidence that the injury was wholly, or partly, the result of that

cause which would render the defendant liable. If the evidence in the case leaves it just as probable that the injury was the result of one cause as the other, the plaintiff cannot recover''; (3) that the evidence does not show that appellant's negligence was the proximate cause of decedent's death, but rather that it could only be the remote cause; that, for aught that appears from the evidence, the act or omission of appellant complained of might have been a mere condition without potentiality, until decedent, in the effort to gratify his own curiosity attempted to meddle with such wire, and that in such a case the negligence of decedent would not be concurrent but proximate; that, under the law, governing in such a case, appellee was bound to go far enough with her proof to show that appellant's negligent act stood in some relation to the death other than that of a mere condition; (4) that the evidence shows that appellant's decedent was guilty of negligence proximately contributing to his death.

In answer to appellant's first contention it is enough to say that the evidence conclusively shows that appellant's pole, and the guy wire attached thereto, charged with the deadly current of electricity, were in one of the streets of said city and decedent's dead body was found in the street in close proximity to such guy wire. Decedent, at the time he was killed, was at a place where he had a right to be and was not upon the private property of appellant. He did not sustain toward appellant, when killed, the relation of a trespasser. ''The courts agree that, outside of any contractual relation, the very nature of the business of transmitting such currents along highways imposes upon those engaged in it the legal duty to exercise, for the protection of all persons, lawfully using the highways, the high degree of care commensurate with the danger incident to the proximity thereto of the wires charged with their invisible but deadly power.'' *Indianapolis Light, etc., Co.* v. *Dolby* (1911), 47 Ind. App. 406,

92 N. E. 739. See, also, *Peru Heating Co.* v. *Lenhart* (1911), 48 Ind. App. 319, 95 N. E. 680; *Southern Indiana Gas Co.* v. *Tyner* (1912), 49 Ind. App. 475, 97 N. E. 580.

We will discuss appellant's second and third propositions together. Appellant's contention that it was the appellee's duty to show a causal relation between the negligence charged in the complaint and decedent's death, is a correct statement of the law. Unless there was some evidence directly showing such causal connection or evidence which justified the jury in inferring such connection, the verdict cannot stand. The evidence shows, we think, without dispute, that at some time before 2:30 o'clock on the morning of November 21, 1907, a current of electricity from appellant's feed wire carrying 5000 volts was shunted to the guy wire in question. A little after 5 o'clock a. m. the dead body of the decedent was found lying with the back to the ground, in close proximity to said guy wire; the left hand and back of the head were badly burned, the right hand charred, and the clothing mostly burned from the body. The slippers worn by the decedent were off some distance from the feet as though thrown off. The decedent, between 5 and 6 o'clock of the morning he was injured, left his home and went to a saloon near by to get a drink of brandy. The person in charge of the saloon testified that decedent on the morning in question came into the saloon between 5 and 5:15 o'clock. After taking one drink he went to the stove and while standing there remarked to the man in charge: "Charley I seen something this morning that I never saw before in my life". The witness asked him what it was and decedent replied in effect that he had seen fire, or a blaze, coming out of the ground and located the blaze as being close to the wire on appellant's pole which he described as a brace wire. Decedent described the blaze as being three or four inches high and twelve or fourteen inches in diameter and remarked that he was going back and investigate it. The decedent then left the saloon and started towards his home

which took him in the direction of the pole and wire in question. The man in charge of the saloon says that he heard of decedent's death five or six minutes after he left his place. There was evidence from other witnesses to the effect that they had seen intermittent blazes around the guy wire that morning, and that the rod in the ground to which the guy wire was attached showed that it was hot, some of the witnesses saying that it was white hot, others saying that it was red hot and still others saying that when they saw it they did not notice that it was hot. This evidence related to the rod extending up from the ground and not to the guy wire attached thereto. There was no evidence that the guy wire manifested any appearance of being hot. There was evidence that the ground near by the guy wire was so charged with electricity that some of those approaching such wire received a shock. These conditions were present when the body of decedent was found near 5:30 o'clock a. m. Under this evidence there can be no doubt but that the jury was warranted in finding that decedent's death resulted from his coming in contact with appellant's guy wire charged with the dangerous electric current which the evidence shows was passing through it into the ground. In fact we do not understand that the right of the jury to draw such inference is seriously controverted by appellant. But appellant contends that, assuming that it was negligent in permitting the deadly electric current to escape into the guy wire, such negligence only furnished a condition, or agency, which was harmless, so long as decedent did not come in contact with it, and that it was the contact that was the proximate cause of the death. This contention is important to appellant because if such contact were only a contributory cause to decedent's death then the burden was on the appellant to show that such contact was the result of decedent's contributory negligence. We think it clear, however, under the authorities, that appellant is in error in its contention. The cases on which it relies are easily distinguishable from this case.

Proximate cause is defined as follows: "A proximate cause may be defined as that cause which in natural and continuous sequence, unbroken by any efficient, intervening cause, produced the result complained of, and without which that result would not have occurred." *Claypool* v. *Wigmore* (1904), 34 Ind. App. 35, 39, 71 N. E. 509, and authorities there cited. See, also, *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822. If the contact with the guy wire could be said to be the sole independent *efficient* cause of decedent's death, appellant's contention would be correct and its authorities applicable, but we know that the contact with the wire could not have resulted in any harm or injury to decedent, had it not been charged with electric current. We think it clear under the authorities that the contact with the deadly wire, if negligent in this case, was of a concurring and contributory character and could not be said to furnish an independent, sole, efficient and proximate cause of the death. For the reasons indicated, appellant is in error when it seeks to apply to this case the authorities applicable to the principle announced in its second proposition, before indicated. To make this principle and the authorities cited applicable to this case, we must assume that there were two separate, independent, efficient causes shown by the evidence to either one of which decedent's death might be traced with equal certainty. Of course, in such a case, the jury would not be permitted to speculate or guess which of such causes was responsible for the death. To illustrate, if the evidence in this case had shown that there was another wire in close proximity to the place where decedent's body was found, and that such wire was also charged with a deadly electric current furnished by the decedent or some third person and that decedent's death was just as likely to have been produced by contact with such wire as with the other wire, appellant would then have a case to which its legal principle and its authorities cited would be applicable.

We next consider whether the evidence shows that decedent was guilty of contributory negligence. Appellant had the burden of this issue. It relies on the evidence of the man in charge of the saloon to the effect that the decedent said when he left the saloon that he was going to investigate the cause of the fire coming out of the ground at or near the point where his dead body was found a few minutes later. It seems from the answer made by the jury to the interrogatory propounded to it before set out herein, that the jury did not give any credence to this evidence. But giving to appellant the full benefit of that evidence, we fail to see in it anything that would justify this court in saying as a matter of law that the decedent was guilty of contributory negligence. It may have tended to show that his curiosity was aroused, but it also tended to show an ignorance on his part of electricity and the manifestations of its presence. He told the keeper of the saloon that the fire coming out of the ground was near the guy wire in question, but he seemed wholly unable to understand why fire should be coming out of the ground there any more than at any other place. It seems that the presence of the electric pole and wires furnished no suggestion to his mind of a way to account for what he seemed to think was an extraordinary phenomenon. There is nothing in the evidence to show what the decedent did when he got to the place where the fire was coming out of the ground, nothing to show whether the contact with the wire was voluntary and intentional or the result of accident. As a rule the question of contributory negligence is one of fact for the jury and it is only where the facts justify but one conclusion and that conclusion is one about which honest men may not differ, that this court will say that the evidence in a given case shows contributory negligence. *Stephens* v. *American Car, etc., Co.* (1906), 38 Ind. App. 414, 419, 78 N. E. 335; *Annadall* v. *Union Cement, etc., Co.*

(1905), 165 Ind. 110, 112, 74 N. E. 893, and cases there cited. The facts of this case do not authorize this court to say as a matter of law that decedent was guilty of contributory negligence. Judgment affirmed.

NOTE.—Reported in 100 N. E. 877. See, also, under (1) 38 Cyc. 1927; (2) 15 Cyc. 479; (3) 15 Cyc. 471; (5) 29 Cyc. 489; (6) 15 Cyc. 480; (7) 29 Cyc. 640. As to duties and liabilities of electric corporations, see 100 Am. St. 515. As to liability for injuries by electric wires in highways, see 31 L. R. A. 566; 22 L. R. A. (N. S.) 1169. On the question of contributory negligence in touching live wires in street, see 1 L. R. A. (N. S.) 822. As to the liability of one maintaining wires in a highway for injury to a traveller coming in contact with a live wire, see 4 Ann. Cas. 709; Ann. Cas. 1913 D 912.