# Ellen M. Rott *et al. vs.* Blackstone Valley Gas and Electric Company.

JUNE 25, 1954.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is an action of trespass on the case for negligence which was heard by one justice of the superior court on the defendant's demurrer to the declaration and successively by another justice thereof on demurrer to a new amended declaration in two counts.   To a ruling of the latter justice sustaining the second demurrer, the plaintiffs

excepted. The case is here on their bill of exceptions containing only such exception.

The plaintiffs' original declaration was in one count. The defendant demurred thereto on the ground of duplicity and on five other grounds substantially to the effect that the declaration did not state a cause of action. This demurrer was overruled as to those grounds but was sustained as to the ground of duplicity. A new amended declaration setting out the same allegations as in the original declaration, but in two counts, was thereupon filed by leave of court. The defendant demurred to each count on the same grounds as alleged in its first demurrer, excepting only the ground of duplicity. At the hearing on this demurrer plaintiffs contended that the decision of the justice who heard the first demurrer was the law of the case and was binding upon all other justices of the superior court.

That contention was overruled and plaintiffs now contend that the trial justice erred in thus refusing to be bound by the decision on the first demurrer. In support of such contention, they rely principally upon our discussion of the doctrine of the law of the case in *Payne* v. *Superior Court*, 78 R. I. 177. However, in the circumstances of the case at bar that doctrine is clearly not applicable. The plaintiffs by availing themselves of leave to file a new amended declaration elected to eliminate the original declaration from the case. *Ilczyszyn* v. *Mostecki*, 43 R. I. 523. We recently held that such action causes the original declaration "to drop out of the case together with all matters incidental thereto." *Conway* v. *Marsh*, 79 R. I. 254. In the instant case, therefore, the trial justice was not required to abide by a ruling of another justice of the superior court on a declaration which, as was said in *Neri* v. *Rhode Island Co.*, 42 R. I. 229, ceased to be part of the record.

Under their exception plaintiffs make a further contention that the trial justice erred in ruling that the allegations

in each count failed to state a cause of action. The following statement is a substantial summary of the facts alleged in each count. On May 10, 1951 while he was guiding a sewer pipe attached by a steel cable to the boom of a movable crane plaintiffs' intestate was instantly killed by reason of the boom coming in contact with certain overhead high tension electric wires belonging to defendant. The accident occurred on Tidewater street in the city of Pawtucket in this state where a public sewer was being constructed by the intestate's employer, Gil Wyner Co., Inc., a construction company. Prior to the accident construction had been in progress for several months along that street. On certain occasions during that period, to defendant's knowledge, the boom had come in contact with defendant's wires and hence it had been apprised of the danger to employees of the construction company by reason of the proximity of its high tension wires to the boom. After it had such knowledge defendant took no steps to remove or diminish the danger.

The first count in substance avers that in view of the premises it was defendant's duty to shut off the power in the wires and this it failed to do, by reason whereof plaintiffs' intestate was killed. The second count avers that it was the duty of defendant in the premises to insulate its wires; that this it failed and neglected to do; and that the death of the intestate was the direct result of such negligence.

The defendant's demurrer to each count is based on the following grounds: "1. That the duty set forth in each count of said amended declaration is not a legal duty which the defendant owed to the plaintiffs' intestate. 2. That it was not the duty of the defendant to take any action whatsoever to remove or diminish the danger complained of in each count of said amended declaration. 3. That the negligence alleged in each count of said declaration is not the breach of any duty owed by the defendant to the plaintiffs' intestate. 4. That neither count of said amended declara-

tion contains or alleges sufficient facts to show a breach of any duty the defendant may have owed to the plaintiffs' intestate. 5. That neither count of said declaration states a cause of action."

If any of those grounds are good plaintiffs' declaration would manifestly fail to state a cause of action. The trial justice found that the first count did not allege the breach by defendant of any legal duty. He held that it did not appear from the facts averred therein that it was defendant's duty to shut off the power on its Tidewater street wires during the times the crane was being used on that street. We agree with that view. These high tension wires were alleged to be 50 feet above the level of the street. At such a height the danger inherent in the transmission of high voltage electricity through such wires was in ordinary circumstances so remote as to preclude any neglect of duty to persons in the customary and normal use of the street.

Conceivably, however, by reason of extraordinary circumstances known to defendant or of which it could be reasonably charged with notice, a state of extreme emergency could arise when, regardless of all considerations but the protection of human life, it would become defendant's duty to suspend the transmission of electricity through its wires. See *Kent* v. *Interstate Public Service Co.*, 97 Ind. App. 13, and *Philbin* v. *Marlborough Electric Co.*, 218 Mass. 394. Suffice it to say that the facts alleged in the first count do not even remotely suggest such a grave emergency. Therefore the trial justice did not err in sustaining the demurrer to that count.

The second count poses a different problem. The duty to insulate high tension wires at a particular place along a public highway might well arise and become incumbent upon defendant by reason of a combination of circumstances tending to make such wires, if uninsulated, especially dangerous to one lawfully upon the highway. However, the trial justice held that there was no absolute duty to insulate

wires carrying electricity and he found that the facts alleged did not indicate that defendant's wires on Tidewater street were in any respect defective or not at a proper height. He also found that the allegations of previous accidents and defendant's knowledge thereof were insufficient to show that it had time to insulate before the happening of the accident to the intestate. He further found that since the wires were in plain sight of the operator of the crane it was his act of bringing the boom in contact with the wires that was the proximate cause of the accident.

We agree that there is no absolute duty to insulate wires carrying electricity. But no such duty is alleged by plaintiffs. On the contrary the duty alleged by them is relative. They aver that defendant had a duty to insulate the high tension wires on Tidewater street by reason of special circumstances that had arisen in the construction work going on there, which circumstances, including certain contacts between boom and wires, were known to defendant for several months. It is true that there is no allegation that the wires were defective or that they were not at a proper height, but such allegations were not necessary in connection with the special duty relied upon by plaintiffs. Whether the wires were defective and were not at the proper height for ordinary purposes was of no consequence. And whether defendant had reasonable notice of the dangerous condition in time to have insulated its wires and prevented the fatal accident to the intestate was not cognizable by the court on demurrer, because such issue was a matter of proof.

The trial justice's finding on the issue of proximate cause is not based on any specific ground of that nature in the demurrer. Whether he was nevertheless justified on demurrer in relying upon it as a reason for sustaining the demurrer is doubtful. However, assuming that the demurrer impliedly raised such issue for his determination, we are of the opinion that it does not necessarily follow that, because the act of the operator was a proximate cause of the acci-

dent, the failure of defendant in the circumstances to insulate its wires could not also be a proximate concurring cause.

The real question is: Does the second count on its face show that the operator's act was the *sole* proximate cause of the accident? We are of the opinion that it does not. Since we have held above that the count alleges a legal duty on defendant to insulate its high tension wires in certain circumstances, the breach thereof could be a concurring proximate cause of the accident because of the fact that electricity is inherently dangerous and because of its well-known tendency, under certain conditions, to escape from uninsulated wires. As was said in *Koelsch* v. *Philadelphia Co.*, 152 Pa. 355, 362, "a higher degree of care and vigilance is required in dealing with a dangerous agency than in the ordinary affairs of life or business, which involve little or no risk of injury to persons or property."

And this court has stated in *Burdick* v. *South County Public Service Co.*, 54 R. I. 310, 314: "It is a well established principle of law that one using a dangerous instrumentality is bound to exercise care commensurate with the potential danger of such instrumentality. The duty of companies distributing electricity is therefore to use great care." In that case the following portion of the trial justice's charge was expressly approved as a correct statement of the law: "Where death may be caused by an agency lawfully in use, such as we have here—electricity, ordinary care requires that every means known, or that with reasonable inquiry would be known, must be used to prevent it; the highest degree of care which skill and foresight can attain, consistent with the practical conduct of his business, in the known methods and the present state of the art."

It is true that case involved the death of a patron of the defendant company. However, the duty there described is not confined to cases involving contractual relations. It also exists in favor of persons having no such relations with

the company and who may be injured while lawfully on the public highway over which the company is transmitting its electricity. *Indianapolis Light & Heat Co.* v. *Dolby,* 47 Ind. App. 406; *Rowe* v. *Taylorville Electric Co.,* 213 Ill. 318; *Ohio Power Co.* v. *Fittro,* 36 Ohio App. 186.

Where, as in the instant case, it is alleged that defendant had notice of the continuing danger from its uninsulated high tension wires by reason of the boom of the crane coming in contact therewith, the resultant escape of the electricity from its wires, due to their lack of insulation, could be a proximate cause of any injury thereby resulting. In a case almost identical with the one at bar, *Bennett* v. *New York & Queens Electric Light & Power Co.,* 294 N. Y. 334, 337, it was held: "The standard of care required of one maintaining a dangerous agency must be commensurate with the risk therefrom reasonably to be foreseen. In the present case the vigilance required of the defendant depended upon the likelihood of danger to which those near its wires would be exposed by reason of the voltage of electricity which those wires carried. That voltage proved to be a death-bearing current which required of the defendant protective measures which, in existing circumstances, were proportioned to the danger which its transmission created."

In that case a crane was being used on a street in New York city in excavating a sewer. A forty-foot boom was mounted on the crane and while being operated to remove sheathing from the sewer trench it came in contact with or in close proximity to defendant's high tension electric wire 34 feet above the street causing a short circuit of electricity to pass through the boom and a cable attached thereto to the street below where the plaintiff's decedent was working with a chain connected with the cable. As a result he was instantly killed by the electric current. The defendant knew that the crane was operating very near its wires. In concluding its opinion the New York court said: "In the record at hand we find evidence of risk to the decedent

and his fellow workers within the range of reasonable apprehension. The question was for the jury whether the decedent met his death by reason of the fact that, with knowledge of conditions under which the decedent was working the defendant failed to take those precautions dictated by the danger to which he was exposed."

In another case, *Valparaiso Lighting Co.* v. *Tyler,* 177 Ind. 278, 284, which was somewhat similar on its facts to our case although not as close as the one above cited, it was stated: "Defendant was bound to anticipate that if the two wires came in contact at the top of the pole, injury might result to any one coming in contact with the loose end of the guy wire lying in the street, and that such injury might result either to a traveler or to one lawfully on the street, engaged as a laborer or otherwise * * *." And in *Indianapolis Light & Heat Co.* v. *Dolby, supra,* it was alleged in the complaint that decedent, a policeman of the city of Indianapolis, while attempting to ring a police patrol box was instantly killed by a high current of electricity which had escaped from defendant's wires and had entered the city's telephone wires. On objection by defendant that there was no allegation in the complaint which if proved could show the proximate cause of the accident, the court, overruling such objection, held that those allegations were sufficient in the circumstances to show such cause.

In the case at bar we need not go to the extent of some of the cases cited above, because here the declaration alleges, and the demurrer admits, that defendant knew of the special danger to which plaintiffs' intestate was exposed by reason of the combined circumstances of its uninsulated high tension wires, their proximity to the boom of the crane in the course of its operation, and the tendency of the boom to come in contact with the wires at times during such operation. We think those allegations, if proved, together with the allegation that the intestate was instantly killed by electricity are sufficient to show that defendant's failure to

insulate its wires could be a proximate cause of intestate's death.

The plaintiffs' exception to the decision sustaining the demurrer to the first count is overruled, their exception to the decision sustaining the demurrer to the second count is sustained, and the case is remitted to the superior court for further proceedings.

*William R. Goldberg,* for plaintiffs.

*Worrell & Hodge, Lee A. Worrell,* for defendant.